UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | CAUSE NO. 3:09-CR-102(01) RM |
| ) | |
| CULBERTO ELIAS SANCHEZ ) | |

OPINION and ORDER

Culberto Sanchez pleaded guilty in November 2009 to a charge of illegal re–entry into the United States and was sentenced on February 10, 2010 to a 28-month term of incarceration to be followed by a three-year supervised release term. Mr. Sanchez didn't file an appeal. He is now before the court seeking modification of his sentence based on 2010 amendments to the Sentencing Guidelines. According to Mr. Sanchez, the court should consider relevant factors under 18 U.S.C. § 3553, such as "age, mental and emotional conditions, physical conditions, and most importantly the departures based [on] cultural assimilation (§ 2L1.2) or any combination of departures and variances."

Modification of a term of imprisonment is governed by 18 U.S.C. § 3582(c)(2), which permits a court to modify a term of imprisonment if the defendant has been sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Mr. Sanchez's sentencing range wasn't lowered by any amendment to the Sentencing Guidelines, and his reliance on Amendment 740, which added

Application Note 8 (entitled "Departure Based on Cultural Assimilation") to U.S.S.G. § 2L1.2, is misplaced. A court may modify a sentence only if the amendment is expressly made retroactive. *See* U.S.S.G. § 1B1.10(a)(2)(A). Amendment 740 wasn't made retroactive by the Sentencing Commission, *see* U.S.S.G. § 1B1.10(c), and so isn't applicable to cases, like Mr. Sanchez's, where the sentence has already been imposed. Thus, Mr. Sanchez isn't entitled to the relief he seeks. *See* United States v. Jackson, 573 F.3d 398, 399 (7th Cir. 2009) ("District courts only possess [the] authority [to modify a sentence] when two conditions have been met. First, an amendment to the Sentencing Guidelines must specifically be listed as having retroactive effect; and second, the amendment must lower the defendant's guideline range. All other cases are outside the congressional grant of authority to district courts to modify sentences that have already been imposed.").

Based on the foregoing, the court DENIES Mr. Sanchez's motion for sentence adjustment pursuant to guideline amendments [docket # 21].

SO ORDERED.

ENTERED:   December 6, 2010

                                            /s/ Robert L. Miller, Jr.
                                             Judge, United States District Court

cc:   C. Sanchez
       AUSA Maciejczyk